IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,             :
            Plaintiff            :
        v.                       : Civil Action No. 05-05J
WWCP-TV 8 & WATM-TV 23;          :
CONCURRENT TECHNOLOGIES CORP.,   :
and JOHN P. MURTHA NEUROSCIENCE  :
INSTITUTE, CONEMAUGH HEALTH      :
SYSTEM,                          :
            Defendants           :

### Report and Recommendation

Orders and Recommendation

Plaintiff filed a pro se complaint under 42 U.S.C.§ 1983, 42 U.S.C.§ 1985, and the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., against defendants located in a facility at 1450 Scalp Avenue in Richland Township, Cambria County: two local television stations (WWCP and WATM), a corporation, Concurrent Technologies Corporation (CTC), and a medical facility (Murtha Institute). Plaintiff then voluntarily dismissed the complaint against the television stations. docket no. 5. Pending are defendant Murtha Institute's motion to dismiss, docket no. 7, defendant CTC's motion to dismiss, docket no. 9, and motion to supplement its motion to dismiss, docket no. 13, plaintiff's motion for default judgment against both remaining defendants, docket no. 15, plaintiff's motion for a jury trial, docket no. 16, plaintiff's motions to reinstate his complaint against the television stations, docket no. 17, plaintiff's motion for a default judgment against the television station defendants, docket no. 18, and plaintiff's motions for leave to proceed in forma pauperis, docket no. 23, docket no. 24.

Plaintiff's motions for leave to proceed in forma

pauperis, docket no. 23 and docket no. 24, are granted, but the specific request for Marshal's service of the complaint is denied as moot because service of the complaint has been accepted and responses filed. Plaintiff's motions for default judgment, docket no. 15, and docket no. 18, are denied. The motion for default against the Murtha Institute and CTC is meritless because defendants had already filed a timely responsive pleading before the motion for default was filed. The motion for default against WWCP and WATM is meritless because those defendants were voluntarily dismissed from this action and have not been reinstated. Plaintiff's pending motion to do that, docket no. 17, should be denied. Plaintiff's motion for a jury trial, docket no. 16, is denied because the plaintiff's ADA claims are equitable in nature.

Finally, the remaining defendants' motions to dismiss, docket no. 7 and docket no. 9, should be granted. Defendant CTC's motion to supplement its motion to dismiss, docket no. 13, is granted.

Report

Plaintiff dismissed the two television station defendants shortly after filing the original complaint. docket no. 5. He was entitled to do so under Fed.R.Civ.P. 41(a), which provides:

[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment[.]

Having done this, plaintiff's attempt to revive his action against the same defendants is subject to Fed.R.Civ.P. 41(d), which provides that if the plaintiff commences a new action containing the same

claims, the court may make such order for payment of costs of the first action "as it may deem proper" and may stay proceedings in the new action until plaintiff has complied. Rule 41(d) plainly contemplates that plaintiff must file a new action. To the same effect is the last sentence of Rule 41(a)(1), which states that a plaintiff can voluntarily dismiss a complaint only once without having that dismissal operate as an adjudication on the merits. Rule 41 limits the plaintiff's ability, once he has filed in court, from treating his complaint like a yo-yo, to be hurled at a defendant, drawn back, and hurled again: plaintiff may change his mind only once, and having changed his mind, must start again at the beginning by filing a new complaint upon payment of costs. Since it is not clear that there are any costs associated with the complaint, no order as to costs is entered at this time.

The plaintiff's complaint alleges that he is disabled and uses a wheelchair or crutches. On a date which can be determined by reference to other dates in the complaint as Monday, January 3, 2005, he went to 1450 Scalp Avenue, the street address for the building in which defendants are located, to inquire about an advertised job at WWCP's sister company in Altoona. When he arrived, plaintiff found that there were no ADA compliant parking places in the section reserved for WWCP and WATM parking.

It is not clear whether plaintiff intends to state claims under Section 1983 and Section 1985 of Title 42 in addition to a claim under Title III of the ADA, because all he does is refer to those sections, but if he does intend to state claims under those

sections, they should be dismissed. The Supreme Court has made it clear that where a federal statute provides its own comprehensive enforcement scheme, Congress intended to foreclose a right of action under Section 1983. See Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981). Since the ADA, see 42 U.S.C.§ 12188(a)(1), limits the remedies available to private individuals to those set forth in the Civil Rights Act of 1964, 42 U.S.C.§ 2000a-3(a), namely permanent or temporary injunctions and restraining orders, it would contravene the statute's plain intent to permit a Section 1983 claim. As for a claim under Section 1985, plaintiff does not allege any conspiracy to deprive him of his civil rights.

Plaintiff cites as the basis of his claim 28 C.F.R.§ 36.201, and 28 C.F.R.§ 36 Appendix A, the regulations implementing Title III of the ADA, 42 U.S.C.§ 12182(a)(1), and (2)(iii), which provides in part:

a) General rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
***
(2) Specific prohibitions
(A) Discrimination
For purposes of subsection (a) of this section, discrimination includes--
***
(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]

4

To state a legal claim, any plaintiff must show that he has suffered some particular injury separate and apart from the effect of a defendant's act or omission on society in general. An injury, under Title III of the ADA, is "a real and immediate threat that a particular (illegal) barrier will cause future harm." <u>Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc.</u>, 405 F.3d 60, 64 (1st Cir.2005), <u>quoting</u> <u>Dudley v. Hannaford Bros. Co.</u>, 333 F.3d 299, 305 (1st Cir.2003). A person with a disability who is currently deterred from patronizing a public accommodation due to a failure to comply with the ADA, or who is threatened with being deterred in the future because of the noncompliance, suffers sufficient harm to confer standing. <u>Id.</u>, <u>citing</u> <u>Pickern v. Holiday Quality Foods, Inc.</u>, 293 F.3d 1133, 1138 (9th Cir.2002). At the same time, a person with a disability who is deterred from patronizing one place of public accommodation by its alleged noncompliance with the ADA does not have standing to assert claims against a public accommodation suffering from the same alleged noncompliance but which he has not sought to visit, just as his particular disability does not confer standing to raise ADA claims which do not relate to his disability. <u>Clark v. McDonald's Corp.</u> 213 F.R.D. 198, 230 (D.N.J.2003).

    Plaintiff does not allege that he ever was deterred from patronizing either CTC or the Murtha Institute, much less that he runs a risk of future harm. He does not even allege that he suffered from any injury in fact from WWCP and WATM on January 3, 2005. He simply alleges that he has a mobility disability and that

on January 3, 2005, when he went to inquire about a job in Altoona, the portion of the parking lot reserved for WWCP and WATM parking was not compliant with the ADA. That is not sufficient to give him standing to bring a Title III claim against either defendant. It is not necessary to determine whether it would give plaintiff standing to assert a claim against WWCP and WATM, because those defendants were dismissed. Plaintiff can remedy any defect as to his claim against those defendants by filing a complaint in a separate action.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 19 July 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

Gregory A. Miller, Esquire
Jaime S. Tuite, Esquire
One Oxford Center, 20th Floor
301 Grant Street
Pittsburgh, PA 15219

Frank J. Hartye, Esquire
P.O. Box 533
Hollidaysburg, PA 16648